UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

DIANA DE-LEON and all others similarly situated under 29 U.S.C. 216(b),

    Plaintiff,

vs.

CASE NO.: 11- 61174-CIV-DIMITROULEAS

FOUR STAR CORP. CATERING, INC. and JEFF KOPLOW,

    Defendant(s).
_____/

**PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' ANSWER & AFFIRAMTIVE DEFENSES DUE TO THEIR FAILULRE TO COMPLY WITH FOUR COURT ORDERS AND PLAINTIFF'S REQUEST FOR ENTRY OF A DEFAULT FINAL JUDGMENT**

COMES NOW Plaintiff, DIANA DE-LEON, by and through her undersigned attorney, and files this Motion to Strike the Defendants' Answer & Affirmative Defenses and Requests the Entry of a Default Final Judgment due to Defendants' complete failure to comply with four (4) Court Orders and failure to comply with the applicable Federal Rules of Civil Procedure and Local Rules for the Southern District of Florida and support thereof states as follows:

1.    The Plaintiff, DIANA DE-LEON, filed a one count Fair Labor Standards Act ("The FLSA") Complaint (DE 1) wherein she sought to recover from the Defendants unpaid overtime compensation, liquidated damages, attorney's fees, and costs.

2.    The Plaintiff's action was filed pursuant to the authority of the FLSA, 29 U.S.C. §§ 201-219. Specifically, the Plaintiff claims the Defendants have violated the requirements of Section 207 of the FLSA.

3.    As of the date of this motion, this Court has entered four (4) Orders which the Defendants have blatantly failed and/or refused to comply with:

    a. On May 23, 2011, the Court entered an "Order Requiring Counsel to Meet, File Joint Scheduling Report and Joint Discovery Report" (DE 4); and

    b. On September 12, 2011, the Court entered an "Order Setting Trial Date & Discovery Deadlines, Referring Case to Mediation & Referring Discovery Motions to United States Magistrate Judge" (DE 18); and

    c. On January 18, 2012, the Court entered an "Order Compelling Responses to Written Discovery" (DE 27); and

    d. On March 7, 2012, the Court entered an "Order Compelling Production of Documents" (DE 30).

4.    The Defendants' complete disregard for the authority of this Court and the requirements of the Federal and Local Rules of Civil Procedure has rendered the Plaintiff incapable of preparing her case for trial. The amount of time and judicial resources that have been wasted in this matter are unacceptable and the Defendants must not be allowed to benefit from their misconduct at the expense of the Plaintiff or this Court.

### MEMORANDUM IN SUPPORT OF MOTION TO STRIKE DEFENDANTS' ANSWER & AFFIRAMTIVE DEFENSES AND PLAINTIFF'S REQUEST FORENTRY OF A DEFAULT FINAL JUDGMENT

The Federal Rules of Civil Procedure provide for sanctions including striking pleadings and rendering a default judgment against a disobedient Party where the party has failed to obey a "Discovery Order" requiring they "provide or permit discovery," Fed.R.Civ.P. 37(b)(2), or when they fail to answer interrogatories or respond to a request for production, Fed.R.Civ.P. 37(d).

Rule 37 of Federal Rule of Civil Procedure does not require the District Court to conduct a hearing before imposing a sanction for failure to provide discovery after a party has failed to comply with an order requiring the same. In imposing a default judgment against a party who fails to

comply with discovery orders, the district court must be satisfied that the disobedient party has willfully or in bad faith failed to comply with the court's orders. Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1542 (11th Cir.1993). The court must also be satisfied that a lesser sanction would not serve the interests of justice. Cohen v. Carnival Cruise Lines, Inc., 782 F.2d 923, 925 (11th Cir.1986). However, sanctions, including dismissal or issuance of a default judgment, must be available "to protect the ability of district courts to police discovery simply and speedily." Phipps v. Blakeney, 8 F.3d 788, 790 (11th Cir.1993). "No litigant and no attorney, even if motivated by misguided perceptions of constitutional [or statutory] privilege, may be permitted to exhibit ... contumacious conduct without risk of sanctions under Rule 37 [or Rule 41(b) ]." Adolph Coors Co. v. Movement Against Racism & the Klan, 777 F.2d 1538, 1543 (11th Cir.1985).

The Defendants' continued and systematic disregard for this Court's Discovery Orders has clearly evidenced their indifference towards this Court's authority.  Given the Defendants' indifference towards the authority of this Court, it is clear that the issuance of a default final judgment is necessary as a lesser sanction would not serve the interests of justice.

**A.   FAILURE TO COMPLY WITH COURT ORDER REQUIRING COUNSEL TO MEET, FILE JOINT SCHEDULING REPORT AND JOINT DISCOVERY REPORT**

On May 20, 2011 this Court entered an "Order Requiring Counsel To Meet, File Joint Scheduling Report and Joint Discovery Report" ("Scheduling Order" (DE 4)). Pursuant to said Order, and S.D. Fla. L.R. 16.1(b), the parties were required to meet in order to present a Joint Scheduling Report which was due by August 12, 2011.

Despite phone calls and emails to the Defendants' counsel regarding the need to file the Joint Scheduling Report, no cooperation was ever received from the Defendants. *See Email Dated August 3, 2011 attached as Exhibit "A"*. The Defendants refusal to comply with the Court's

Scheduling Order resulted in the Plaintiff's counsel having to unilaterally expend additional time to file "Plaintiff's Motion for Extension of Time to Comply with Order Requiring counsel to Meet, File Joint Scheduling Report and Joint Discovery Report" (DE12) on August 11, 2011. Based solely upon the Plaintiff's unilateral motion, the court granted both parties additional time to comply.

On August 25, 2011, the Plaintiff again requested the Defendants comply with the Court's Scheduling Order; however, again no response or cooperation was received from the Defendants. *See Email Dated August 25, 2011 attached as Exhibit "B"*. The Defendants' failure to comply resulted in the Plaintiff having to again file a unilateral motion in order to avoid the Plaintiff being found in contempt of the Court's Scheduling Order. Accordingly, on September 12, 2011 the Plaintiff filed her unilateral "Proposed Scheduling and Discovery Report" (DE 17) in a good faith attempt to comply with the Court's Scheduling Order.

The Court adopted the Plaintiff's unilaterally filed Proposed Scheduling and Discovery Report and entered an "Order Setting Trial Date & Discovery Deadlines, Referring Case to Mediation & Referring Discovery Motions to United States Magistrate Judge" ("Trial & Discovery Order" (DE 18)) on September 12, 2011. However, the Defendant never complied and remains in contempt of the Court's Scheduling Order of May 20, 2011.

**B.  FAILURE TO COMPLY WITH COURT ORDER SETTING TRIAL DATE & DISCOVERY DEADLINES, REFERRING CASE TO MEDIATION & REFERRING DISCOVERY MOTIONS TO UNITED STATES MAGISTRATE JUDGE**

   i.  **Failure to Cooperate in Mediator Selection Process**

On September 12, 2011 the Court entered a Trial & Discovery Order" (DE 18) which required the parties "agree upon a mediator and advise the Clerk's Office of their choice in writing within fourteen (14) days" from the order [i.e. Sept. 26, 2011].

On August 11, 2012, in anticipation of the required mediation, Plaintiff called the Defendants counsel and sent emails requesting the selection of a mediator. *See Email Dated August 11, 2011 and September 14, 2011 attached as Exhibit "C".* When no response was received the Plaintiff on September 14, 2011 again contacted the Defendants via email in an attempt to comply with the Court's mediation requirements. *See Id.* Due to Defendants' continued refusal to comply with this Court's orders, on September 27, 2011 this Court issued an Order to Show Cause (DE 19) after the deadline for compliance had passed without a mediator having been chosen.

The Defendants' disregard for the requirements imposed by this Court once again resulted in the Plaintiff having to spend considerable time and effort to file "Plaintiff's Response to Order to Show Cause" (DE 22) in order to avoid the Plaintiff being sanctioned for the Defendants continued misconduct. The Defendants, however, did not respond to the Court's Order to Show Cause.

### ii. Failure to Comply With Initial Disclosures under Rule 26(a)(1)

Pursuant to the Court's Trial & Discovery Order (DE 18) and S.D. Fla. L.R. 26(a)(1) the parties are required to present Initial Disclosures. In compliance with the Court's Order and Rule 26 the Plaintiff served the Defendants with her Initial Disclosures on September 30, 2011. As of the date of this motion the Defendants have yet to present their Initial Disclosures as required.

### iii. Failure to Comply with Discovery Requests by the Discovery Deadline

Pursuant to the Court's "Trial & Discovery Order" (DE 18) the Discovery Deadline/Cutoff for this action was March 7, 2012. In accordance with the requirements of the order, the Plaintiff served the Defendants with Rule 26.1(g) Interrogatories on October 3, 2011 and Request for Production of Documents on November 28, 2011. However, despite this Court entering two Orders

Compelling Discovery (DE 28 and DE 30), the Defendants have blatantly refused to present **ANY** discovery in this action.

The Defendants refusal to present any discovery evidences their failure to comply with the recordkeeping requirements of the Fair Labor Standards Act (the "Act"), 29 U.S.C.A. § 211(c).  As an employer the Defendants' have an affirmative duty to maintain the Plaintiff's employment record.  The Defendant cannot delegate this duty to maintain employment records to a third party and seek to be excused from the record-keeping requirements of the Act or from the resulting liability. *See* Castillso v. Givens, 704 F.2d 181 (C.A.Tex.,1983) (An employer cannot escape record-keeping provisions of Fair Labor Standards Act by delegating that duty to his employees; furthermore, an employee must decide at his peril which employees are covered by the Act.); Wirtz v. Mississippi Publishers Corp., 364 F.2d 603 (C.A.Miss. 1966) (The record-keeping requirements are the fundamental underpinnings of the Act and record-keeping is the primary duty of employers and may not properly be delegated to employees. Delegation does not excuse employers for any neglect or default.).

Because the Defendants have failed to comply with the recordkeeping requirements of the Act, the burden of proof shifts to them him to negate the reasonableness of the inference drawn from the employee's evidence. Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687-688, 66 S.Ct. 1187, 1192 (U.S. 1946).  The U.S. Supreme Court has held that "[i]f the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate." Id. at 688. An employer who violates the record-keeping requirements of the Act "cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had he kept records in accordance with the requirements of the Act." Id.

The Eleventh Circuit has held that the Plaintiffs' calculation of damages can be made through employee testimony, including representative class testimony, that establishes by "just and reasonable" inference the number of hours worked and the amount of back pay owed. *See* <u>Donovan v. New Floridian Hotel, Inc.</u>, 676 F.2d 468, 471 -472 (11th Cir. 1982) (Finding that the representative testimony of only 23 employees was sufficient to award back wages to 207 employees); *See also* <u>McLaughlin v. Ho Fat Seto</u>, 850 F.2d 586 (9th Cir. 1988) (Five employees' testimony adequate to compensate 28 employees where employer records were inadequate.); <u>Donovan v. Williams Oil Co.</u>, 717 F.2d 503 (10th Cir. 1983) (Testimony of 19 of 34 employees sufficient to establish hours worked by employees who did not testify.). Here the Plaintiff has presented an affidavit establishing by "just and reasonable inference" the number of hours worked and the amount of back pay owed. *See Affidavits attached as Exhibit "F"*.

The Defendants inexcusable disregard for the Court's Orders and refusal to cooperate in discovery has resulted in the lapse of the Discovery Cutoff and the Class Certification Deadline. This has left the Plaintiff incapable of gathering sufficient information to properly prepare this case for trial. The Defendants cannot be allowed to benefit from their refusal to present employment records and other discovery in direct violation of Discovery Orders and the Record Keeping Requirements of the FLSA.

**C.  FAILURE TO COMPLY WITH COURT ORDER COMPELLING RESPONSES TO WRITTEN DISCOVERY**

Plaintiff served Defendants with Rule 26.1(g) Interrogatories on October 3, 2011. Responses to said Interrogatories were due by November 3, 2011. On November 28, 2011, after Defendants had failed to comply with discovery, the Plaintiff sent the Defendants a "Notice of Past Due Responses to Interrogatories" which allowed them additional time to respond. *See Notice attached as Exhibit "A" of Plaintiff's Motion to Compel Reponses to Written Discovery [DE 24]*. Despite

being given additional time to respond the Defendants failed to respond resulting in the Plaintiff filing a motion to compel (DE 24). Defendants never filed a response to this motion.

On January 18, 2012 the Court entered an Order Compelling Responses to Written Discovery (DE 27) on or before January 20, 2012.  Despite the fact that on January 26, 2011 the Plaintiff once again requested responses, the Defendants have refused to comply with said order. *See Email Dated January 26, 2012 attached as Exhibit "D".*  As of the date of this motion the Defendants have yet to comply with the Court's Order Compelling Responses to Written Discovery (DE 27).

### D. FAILURE TO COMPLY WITH COURT ORDER COMPELLING PRODUCTION OF DOCUMENTS

Plaintiff served Defendants with First Request for Production of Documents on November 28, 2011.  The responses to said requests were due by December 28, 2011; however, I agreed to provide the Defendants until January 15, 2012 within which to produce the documents requested. After the deadline the Defendants failed produce any documents and instead filed an untimely objection wherein they refused to present **ANY responsive documents in their possession**. On January 18, 2012 in a final good faith attempt to resolve this matter the Plaintiff sent the Defendants an email allowing them an additional 24 hours to comply before another motion to compel would be filed, however, the Defendants again failed to comply. *See Email Dated January 18, 2012 attached as Exhibit "E".*

The Defendants' inexcusable behavior again required the Plaintiff spend a considerable amount of time to file a "Motion to Compel Production of Documents" (DE 28).  On March 7, 2012 this Court entered a second Discovery Order to Compel the Production of Documents (DE 30). However, once again as of the date of this motion the Defendants have refused to obey this Court's

Orders.  Despite the fact that Defendants have already presented an objection wherein they make no mention of a lack of responsive documents, they now have the nerve to claim that they in fact have NO responsive documents at all in their possession.

## CONCLUSION

Despite the Plaintiff having acting diligently and professionally throughout this matter, the substantial amount of judicial resources and time that has been unjustifiably wasted by the Defendants is unacceptable and egregious.  The Defendants' actions have irreparably injured the Plaintiff's ability to bring this case to trial and have caused the Plaintiff substantial damage in the form of considerable legal expense.  The Defendants must not be allowed to use their blatant disrespect for this Court's orders and disregard for the Rules of Civil Procedure as a defensive mechanism to cause prejudice to the Plaintiff and deny her retribution for the injuries she has suffered. Accordingly the Plaintiff respectfully requests that pursuant to the authority of Fed.R.Civ.P. 37(b)(2) and Fed.R.Civ.P. 37(d) the Defendants' Answer and Affirmative Defenses be stricken and that a Default Final Judgment be entered against them in this action for their blatant disregard for the Court's four Discovery Orders and complete failure to cooperate in discovery and follow court procedures.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by either transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electric Filing on March 19, 2012, on all counsel or parties of record on the service list.

_____/s/_____
Andrew J. Palma, Esq.
Fla. Bar ID No. 0084547

## SERVICE LIST

Andrew J. Palma, Esq.
Law Offices of Carlos A. Gil, P.A.
E-mail: andrew@carlosagilpa.com
3910 West Flagler Street, Suite 100
Miami, FL 33134
Telephone: (305) 443-2525
Facsimile: (305) 443-2728
*Attorney for Plaintiff(s)*

Keith Grumer, Esq.
E-mail: kgrumer@grumerlaw.com
Grumer & Macaluso, P.A.
One East Broward Boulevard
Suite 1501
Ft. Lauderdale, Florida 33301
Telephone: (954) 713-2700
Fascimile: (954) 713-2713
*Attorney for Defendants*