UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

DIANA DE-LEON and all others
similarly situated under 29 U.S.C. 216(b),

    Plaintiff,

vs.

FOUR STAR CORP. CATERING, INC. and
JEFF KOPLOW,

    Defendant(s).
_____/

CASE NO.: 11- 61174-CIV-DIMITROULEAS

**MAGISTRATE JUDGE LURANA S. SNOW**

## PLAINTIFF'S VERIFIED MOTION FOR ATTORNEYS' FEES AGAINST DEFENDANTS PURSUANT TO COURT ORDER (DE 39)

COMES NOW Plaintiff, DIANA DE-LEON, by and through her undersigned attorney, and pursuant to the applicable Federal Rules of Civil Procedure, Local Rules, and this Court's Order (DE 39) and moves this Court for entry of an Order awarding attorney's fees against Defendants, FOUR STAR CORP. CATERING, INC. and JEFF KOPLOW, and in support states:

### BACKGROUND

1.    On April 27, 2012, this court entered an Order (DE 39) giving the Defendants one more opportunity to provide Rule 26 disclosures, serve sworn responses to Plaintiff's interrogatories and produce the documents requested by the Plaintiff. Given the Defendants' continued failures to comply with Discovery Orders, the April 27th Order (DE 39) also compelled the Defendants to pay the Plaintiff's attorney's fees incurred in obtaining discovery.

2.    Specifically, this Court Ordered payment of attorney's fees associated with the filing of Plaintiff's Motion to Strike Answer & Affirmative Defenses (DE 31), Plaintiff's Motion to Compel Responses to Written Discovery (DE 24), and Plaintiff's Motion to Compel Production of Documents (DE 28).

3.     This Court allowed the Defendants until May 28, 2012 to reach an agreement with Plaintiff's counsel as to fees.

4.     The Plaintiff herein states that on May 15, 2012, Henry M. Gamboa, Esq., supervising attorney to undersigned counsel, sent a letter to Keith Grumer, Esq., counsel for Defendants, with detailed explanation of the time expended in the aforementioned motions.

5.     However, it was not until May 29, 2012 that Keith Grumer, Esq., counsel for Defendants, called undersigned regarding the fees. Mr. Grumer and Mr. Gamboa spoke regarding an agreement as to fees but were unable to agree despite generous concessions by undersigned's office. Nonetheless, Mr. Gamboa gave Defendants additional time to resolve the fee award without further court action, yet Defendants failed to respond or avail themselves of this opportunity. Mr. Grumer was informed via email, by Andrew Palma, that failure to contact Plaintiff's counsel before 5:00 p.m. Thursday, May 31, 2012 would result in the filing of this instant motion. To date, no response has been received by anyone in the offices of the undersigned.

6.     This Court has found that imposing attorney's fees is appropriate and undersigned will now turn to the issue of determination of appropriate and reasonable fees that undersigned believes appropriate.

## MEMORANDUM OF LAW

### THE APPLICABLE LEGAL STANDARDS FOR DETERMINING ATTORNEY'S FEE AWARDS

The standards for measuring attorney's fees in the Eleventh Circuit are delineated in *Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (*en banc*), wherein the court surveyed the fee-award jurisprudence of both the Supreme Court and the Eleventh Circuit. The *Norman* Court reiterated that a fee award should be based first upon a

multiplication of a reasonably hourly rate. A "reasonable hourly rate" is defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation". *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (quoting *Norman*, 836 F.2d at 1299). The *Loranger* Court further stated that the Court is deemed an expert on the issue of hourly rates and may consider "Its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value". *Loranger*, 10 F.3d at 781 (quoting *Norman*, 836 F.2d at 1299). Once the hourly rate is determined, it is then multiplied by the number of "reasonable hours" billed, *Norman*, 836 F.2d at 1301, which equals the "lodestar", and this resulting lodestar can be increased or decreased for the results obtained, the quality of representation, and for any delay in payment. *Norman*, 836 F.2d at 1302.

The "lodestar" method is adjustable if necessary and effectively replaces the balancing effect that was previously prescribed by *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 117-19 (5th Cir. 1974), which was known as the twelve (12) *Johnson* factors.

A.   **ESTABLISHING A REASONABLE HOURLY RATE**

The "going rate" in the legal community is the most critical factor in determining a reasonable fee. *Martin v. University of South Alabama*, 911 F.2d 604, 610 (11th Cir. 1990). The Court has a duty to ensure that such awards are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983) (noting that reasonableness is the bedrock upon which the determination of the amount of attorney's fees rests). The pertinent "legal community" used to base an applicable hourly rate is the city where the plaintiff's attorney has his office, not where the case was tried. *Brooks v. Georgia State Bd of Elections*, 997 F.2d 857, 868-69 (11th Cir. 1993). The burden of producing evidence supporting a requested rate, and that is consistent with the "going rate" is on

the attorney moving for a fee award. *Norman*, 836 F.2d at 1299. Satisfactory evidence is more than just the affidavit of the attorney, and such evidence should pertain to rates actually billed and paid in similar suits. *Id.* "Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence." *Id.* How much weight should be given to proffered opinion evidence is affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge. *Id.*

The work performed in this case was performed by Andrew J. Palma, Esq., under the close, direct supervision of Henry M. Gamboa, Esq. Time was spent as follows: 1 hour for drafting request for production and correspondence to opposing counsel regarding past due discovery, researching case law on lawyers being late with filings; 0.7 for Drafting Motion to Compel responses to Interrogatories (DE 24); 1.5 hours for continued Drafting on Motion to Compel Responses to Interrogatories and Proposed Order; 1 hour drafting Motion to compel production of Documents (DE 28); 1 hour on final draft review and revisions of Motion to Compel Documents and Proposed Order; 0.6 hours Drafting Motion to Strike and Request for Default Final Judgment (DE 31); 4 hours continuing Drafting Motion to Strike and Request for Default Final Judgment; 0.8 hours drafting affidavits; 1.4 hours finalizing Motion to Strike and Request for Default Final Judgment and Proposed Order; 4.5 hours reviewing Defendants Response to Motion to Strike and Request for Default Final Judgment and legal research for a response and drafting of Reply to Defendants Response in opposition; and 1.5 hour for the preparation of this motion and attached affidavits. Preparation of this fee motion took certain time to research, compile, and upload (1.5 hours), which is compensable. *Thompson v. Pharmacy*

*Corp. of Am., Inc.*, 334 F.3d 1242, 1244-46 (11th Cir. 2003) (reversing district court's decision to deduct all attorney time attributed to efforts to recover attorneys fees as an abuse of discretion).

Andrew J. Palma, Esq., an associate at the Law Offices of Carlos A. Gil, P.A., regularly charges a fee of $250.00/hour when acting as Defense counsel for FLSA related matters and cases in the Southern District of Florida, most recently: *Regalado v. Deli & Antojitos, Inc. et al.* (12-cv-20425-KMM) and *Garlobo v. Dunford, Inc. et al.* (12-cv-20690-WMH), as well as others, which were resolved amicably before the need for litigation. Undersigned counsel has previously been awarded a rate of $200.00 per hour in a FLSA case on June 27, 2011, *De Rivas v. S Domenico USA Corporation, et al.* Case No. 10-11643-SP-25 in the County Court in and For Miami-Dade County, (*Affidavit of Andrew Palma*, attached hereto as Exhibit 1). Other cases where Mr. Palma received fee awards within the range of $200 to $250 per hour include but are not limited to: *Hayes v. Somi Cafe LLC et al* (11-cv-23277-CMA), *Davila v. Niagara Cleaning Services, Inc. et al* (11-cv-21650-FAM), *Carrera-Robles v. Pasta Wholesalers, Inc. et al* (11-cv-24530-WJZ), *Romanelli v. Mamma Mia Pizzeria Restaurant, Inc. et al* (11-cv-23779-MGC), *Lopez v. El Almanecer Inc. et al* (11-cv-23142-JAL), *Acosta v. Davie Marketplace, LLC. et al* (11-cv-21126-AJ), *Bravo et al v. Downtown Towing Company et al* (11-cv-20093-CMA), *Restrepo v. Guadalupe Dollar Store, Inc. et al* (11-cv-22049-CMA), *Alva v. Hybrid Impressions Inc. et al* (11-cv-21172-JJO), *Rohenes v. Puerto Gallego Restaurant, Inc. et al* (11-cv-21104-PCH), *Camejo et al v. Riutel Florida, Inc.* (11-cv-20498-FAM), *Bautista v. Marlin Plumbing of Miami, Inc. et al* (11-cv-20045-PCH). Undersigned counsel has concentrated primarily in the area of labor and employment law, including minimum wage violations, Fair Labor Standards Act violations, and Workers' Compensation for the past approximately two (2) years. Mr. Palma has had trial success as co-counsel as well as considerable success in pre-suit resolution is a

member in good standing for the Florida Bar, the Federal District Court for the Southern District of Florida, and the United States Bankruptcy Court for the Southern District of Florida.

Henry M. Gamboa, Esq., Junior Partner at the Law Offices of Carlos A. Gil, P.A., has distinguished himself in labor and employment over the past approximately six (6) years. Mr. Gamboa has also gained expertise in the area of real estate law. Mr. Gamboa has been involved with the instant case from its inception, including the initial client interview, and as Mr. Gamboa's caseload grew, and Mr. Palma became a member of the firm, Mr. Gamboa engaged Mr. Palma to diligently assist on the case. As Junior Partner, Mr. Gamboa worked closely with Mr. Palma in the drafting of the relevant motions mentioned herein. Mr. Gamboa regularly charges clients $250.00 per hour in defense of FLSA and real estate actions, and has been awarded fees proportionate with this amount in Plaintiff actions in Florida State Courts including but not limited to: *Rolando Hernandez et al vs. Pan Am Air Conditioning, Inc. et al* 2009-48218-CA-21, *Ramon Aguirrez vs. Arellano Cabinet Installations, Inc. et al* 2008-5032-SP-25, *Omar Espinoza et al vs. BET Construction & Roofing Services, Inc. et al* 2008-12858-CC-25, *Geisa Souza et al vs. El Rinconcito Latino, Inc.* 2008-37226-CA-15, *Ramon Pizarro vs. Tindser International Group, LLC. et al* 2008-5351-SP-25, *Abel Plenn vs. State Watch Security, Inc. et al* 2008-15249-CC-05, to name a few (*Affidavit of Henry Gamboa*, attached hereto as Exhibit 2).

B.   **ASSESSING A REASONABLE NUMBER OF HOURS**

Only evidence showing the hours worked must be showed by the prevailing party. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). To date, 18 hours have been expended, as noted above. Additionally, it is well settled that expended litigating attorneys fees is fully compensable. *Thompson v. Pharmacy Corp. of Am., Inc.*, 334 F.3d 1242, 1244-46 (11th Cir. 2003) (reversing

district court's decision to deduct all attorney time attributed to efforts to recover attorneys fees as an abuse of discretion). The time spent drafting this fee petition was 1.5 hours.

## C.     THE LODESTAR

The lodestar for all attorneys in this case (reasonable hourly rate) x (reasonable hours billed) is:

$250.00/hr x 18.00/hrs = $4,500.00.

## D.     ADJUSTING THE LODESTAR

There are a number of factors affecting the adjustment of the lodestar: 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill required to perform the legal services properly; 4) the preclusion of other employment by the attorney due to the acceptance of this case; 5) time limitations by the client or the circumstances; and 6) the amount involved and the results obtained. *Manriquez v. Manuel Diaz Farms, Inc.*, 2002 WL 1050331, * 10 (S.D. Fla. 2002) (citing Kay, 176 F.3d at 1327); Norman, 836 F.2d at 1302. Once the lodestar has been determined by multiplying the reasonable hourly rate by a reasonable number of hours worked, the Court may then adjust the lodestar, upward or downward, to reflect the above factors, However, in this case, the Plaintiff does seek an increase in the lodestar based on those factors and the considerable time expended in multiple motions to compel and the Defendants' continued failure to comply.

## E.     INTEREST ON FEES

Plaintiff is entitled to interest on the attorney's fees and costs ultimately awarded in this matter from April 27, 2012, the date of the entry of this Court's Order. "[I]nterest on a fee award ... runs from the date of the judgment establishing the right to an award, not the date of the judgment establishing its quantum." *Jenkins by Agyei v. Missouri*, 931 F.2d 1273 (8th Cir.1991); *see also Copper Liquor, Inc. v. Adolph Coors Co.*, 701 F.2d 542 (5th Cir. 1983) (interest

awarded on fees from date of original judgment); and *Finkelstein v. Bergua*, 804 F. Supp. 1235, 1240 (N.D. Cal. 1992). Accordingly, Plaintiff requests that this Court order that Plaintiff is entitled to interest accrued on Plaintiff's attorneys fees since April 27, 2012.

## CONCLUSION

Based on the foregoing, Plaintiff and her counsel respectfully request that this Honorable Court award them $4,500.00 in attorney's fees.

## CERTIFICATE OF CONFERRAL

Undersigned counsel has conferred with counsel for the Defendants, pursuant to Local Rule 7.1.A.3, however an agreement could not be reached. Undersigned counsel certifies, by executing this Motion, that he has fully reviewed the supporting time records and data underlying the incurred attorney work, and that the fees sought in this case are reasonable under the circumstances.

Dated: June 1, 2012

Respectfully submitted,

/s/ Andrew J. Palma, Esq.
Andrew J. Palma, Esq.
Law Offices of Carlos A. Gil, P.A.
E-mail: andrew@carlosagilpa.com
3910 West Flagler Street, Suite 100
Miami, FL 33134
Telephone: (305) 443-2525
Facsimile: (305) 443-2728
*Attorney for Plaintiff(s)*

## VERIFICATION

I, Andrew J. Palma, Esq., as attorney for Plaintiff, having first been duly sworn in accordance with law, do hereby depose and state that I have read the foregoing Motion for Attorney's Fees, and that the attorney's fees sought to be awarded against the Defendants and their counsel herein, with further supporting documentation attached hereto, are true and correct to the best of my knowledge and information. I further assert that I have fully reviewed the time records and supporting data and that this Motion is well grounded in law and fact, and is justified.

STATE OF FLORIDA         )
                         ) SS.
COUNTY OF MIAMI-DADE     )

SIGNED AND SWORN to (or affirmed) before me this __1__ day of __June__, year __2012__, by __Andrew J. Palma__, who is personally known to me or who has produced _____ as identification and who did (did not) take an oath.

_____
Signature

_____
(Print Name)
NOTARY PUBLIC, State of Florida
Commission No.:

SUSETTE MARTINEZ
MY COMMISSION # DD 823905
EXPIRES: October 19, 2012
Bonded Thru Notary Public Underwriters

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by either transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electric Filing on June 1, 2012, on all counsel or parties of record on the service list.

Andrew J. Palma, Esq.
Fla. Bar ID No. 0026014

## SERVICE LIST

Andrew J. Palma, Esq.
Law Offices of Carlos A. Gil, P.A.
E-mail: andrew@carlosagilpa.com
3910 West Flagler Street, Suite 100
Miami, FL 33134
Telephone: (305) 443-2525
Facsimile: (305) 443-2728
*Attorney for Plaintiff(s)*

Henry M. Gamboa, Esq.
Law Offices of Carlos A. Gil, P.A.
E-mail: henry@carlosagilpa.com
3910 West Flagler Street, Suite 100
Miami, FL 33134
Telephone: (305) 443-2525
Facsimile: (305) 443-2728
*Attorney for Plaintiff(s)*

Keith Grumer, Esq.
E-mail: kgrumer@grumerlaw.com
Grumer & Macaluso, P.A.
One East Broward Boulevard, Suite 1501
Ft. Lauderdale, Florida 33301
Telephone: (954) 713-2700
Facsimile: (954) 713-2713
*Attorney for Defendants*